(109 App. Div. 207.)

### KUESKI v. NEW YORK & QUEENS COUNTY RY. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

STREET RAILROADS—COLLISION WITH VEHICLES.

    Evidence that plaintiff's servant was driving along a street in the same direction in which a street car was traveling, and, without looking or taking any precaution, drove on the track in front of the car, did not show freedom from contributory negligence.

    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 213.]

Appeal from Municipal Court, Borough of Queens, First District.

Action by Anthony Kueski against the New York & Queens County Railway Company. From judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Van Vechten Veeder (Nath. S. Corwin, on the brief), for appellant.

William L. Mathot, for respondent.

HOOKER, J. The plaintiff has had a recovery for damages to his horse and wagon in a collision with one of the cars of the defendant. The plaintiff's servant was driving along Jackson avenue in the same direction in which the street car was being operated. The avenue at this point and for a considerable distance either way was a straight road. The accident occurred about 1 o'clock in the morning. The night was not stormy, and an electric light illumined the place of the accident. The plaintiff has failed to sustain the burden of proof which rested upon him to show that the servant in charge of the vehicle was free from contributory negligence. The only evidence on that question is that of the driver, who said:

"There was an open road there, and I was on the right side towards, not in, the track—outside the track. I was trying to get through, and the car came in the back of me, and I didn't see it, and it hit me. Q. It hit the wagon? A. The left wheel of the wagon—the hind wheel of the wagon. Q. Did you hear anything—any signal or anything? A. No, sir. Q. Was any bell rang? A. No, sir; I didn't hear it. Q. Was there any alarm that you heard? A. No, sir."

It appears that the servant was reclining on some bags of peas and beans which he was drawing, and was down so far in front that he could not easily see what might approach behind. From his own evidence it is clear that he turned into the track of the defendant in front of the car which struck him, without a thought as to the possible result of his act, and without taking any precaution or giving a single thought to what the outcome might be. The record is absolutely void of any evidence tending to show that he was in the exercise of ordinary care under the circumstances, and hence the motion for a nonsuit on the ground that the plaintiff had not shown the driver free from contributory negligence, which was renewed at the end of the whole case, should have been grant-

·ed. The total failure on the part of the plaintiff to make any proof whatever on the subject of freedom from contributory negligence is a violation of the rule which imposes upon him the burden of proof in that respect. "A recovery under such circumstances would be based upon the theory, unknown to our law, that one who drives upon a railroad track until negligently run into and injured may ·obtain damages upon the mere proof of the happening of the casualty." Belford v. Brooklyn Heights R. R. Co., 86 App. Div. 388, 390, ·83 N. Y. Supp. 836. Though it is not negligence as matter of law for one driving at night on the track of a street railway company to fail to look behind him, he must be on the alert in some manner, and by the exercise of some of his senses, as, for example, by listening, to discover whether it is safe for him to remain upon the ·tracks. This doctrine is supported by abundant authority. Bos·sert v. Nassau Electric R. Co., 40 App. Div. 144, 57 N. Y. Supp. 896; Quinn v. Brooklyn City R. R. Co., 40 App. Div. 608, 57 N. Y. Supp. 544; Reynolds v. Larchmont Horse R. Co., 83 App. Div. 189, ·82 N. Y. Supp. 185; Johnson v. Brooklyn Heights R. R. Co., 34 App. Div. 271, 54 N. Y. Supp. 547.

The judgment must therefore be reversed, and a new trial ·ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.